NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY, Plaintiff-counter-defendant-Appellant, v. ZENITH INSURANCE COMPANY Defendant-counter-claimant-Appellee. | No. 21-16930 D.C. No. 1:18-cv-01319-DAD-EPG MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted December 9, 2022
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and RESTANI,** Judge.
Concurrence by Judge VANDYKE.

Penn-Star Insurance Company appeals the district court's grant of summary

judgment to Zenith Insurance Company in this dispute between two insurers

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

concerning the costs of defending and settling a state court lawsuit regarding a serious traffic accident. We assume the parties' familiarity with the relevant facts. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019). We reverse.

The Penn-Star policy contains a specific endorsement excluding coverage for "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance or use *by any person* or entrustment to others, of *any* aircraft, 'auto,' or watercraft." (Emphasis added). The auto exclusion endorsement "deleted in its entirety" and "replaced" a narrower provision from earlier in the policy, which had excluded from coverage bodily injury or property damage arising out of the "ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned *to any insured*." (Emphasis added). The auto exclusion endorsement noted the change in bolded capital letters at the top of the page, instructing the reader: **"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY."**

Under California law, if an insured reasonably expects coverage, then the court will find that an exclusion from coverage is unenforceable unless the exclusion is "conspicuous, plain and clear." *Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 385 (Cal. 2004) (citation omitted). An exclusion is conspicuous if it is "placed and

printed so that it will attract the reader's attention." *Id.* It is plain and clear if it is "stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." *Id.*

The underlying accident involved a Toyota Camry operated by a third party and a tractor owned by Zenith's insured and driven by a contracted farm worker. We need not decide whether a tractor is an "auto" within the meaning of the exclusion because the Toyota Camry clearly qualifies as "any . . . auto" "use[d] by any person." The district court concluded otherwise on the ground that the Toyota Camry was not owned or operated by any insured party. But Penn-Star's auto exclusion, which is conspicuous, plain, and clear, is drafted broadly and is not limited to autos used by insureds.

Zenith points us to *Essex Ins. Co. v. City of Bakersfield*, 65 Cal. Rptr. 3d 1 (Cal. Ct. App. 2007), but that case is distinguishable. The relevant provision in *Essex* did not specify whether the exclusion pertained broadly to any person or merely to any insured. *See id.* at 8. Here, by contrast, Penn-Star's auto exclusion specifically applied to the use of "any" auto "by any person." In addition, unlike in *Essex*, Penn-Star's auto exclusion endorsement specifically replaced an earlier provision that only excluded autos "operated by . . . any insured." And unlike *Essex*, 65 Cal. Rptr. 3d at 9–10, this is not a case in which the collision took place between vehicles that were wholly unconnected to the insured parties; here, the tractor was driven by

Golden Labor's employee and owned by Camp, which was an "additional insured" under the Penn-Star policy.

We thus conclude that the Toyota Camry was an "auto" "use[d] by any person." And the parties do not dispute that the collision between the Camry and the tractor "ar[ose] out of" the use of the Camry. Thus, the collision fell within Penn-Star's auto exclusion and was conspicuously, plainly, and clearly outside Penn-Star's coverage. In light of our conclusion, we need not reach Penn-Star's other assignments of error.

**REVERSED.**

VANDYKE, J., concurring,

I concur in the panel's decision. It is not clear to me that, if the appellee had properly raised the issue, the injury here sufficiently "ar[ose] out of the … use … [of an] 'auto'" such that the exclusion in Penn-Star's policy would apply. *See, e.g., Southgate Recreation & Park Dist. v. California Ass'n. for Park & Recreation Ins.*, 130 Cal. Rptr. 2d 728, 733 (Cal. Ct. App. 2003) (reasoning that a harm arises out of an event when it "originat[es], grow[s,] or flow[s] from the event" (citation omitted)). That is particularly unclear on this record, which is silent as to whether the Camry's involvement was anything other than as the mere "situs" of the injury inflicted by the tractor. *See Kramer v. State Farm Fire & Cas. Co.*, 90 Cal. Rptr. 2d 301, 306 (Cal. Ct. App.), *as modified on denial of reh'g* (Dec. 8, 1999) (reasoning that a harm does not arise from an auto when the auto "merely serv[ed] as the situs for the activity"); *Am. Nat. Prop. & Cas. Co. v. Julie R.*, 90 Cal. Rptr. 2d 119, 122–23 (Cal. Ct. App. 1999) (concluding that "[m]ere use of a vehicle in some way connected to the events giving rise to the injury is insufficient"; use of the vehicle must be a "predominating cause" or "substantial factor" in causing the injury (citations omitted)).

The district court arguably concluded that the plaintiffs' injury did not "arise out of" the use of the Camry, stating that "as alleged in the underlying state court complaint, there is no connection between the use or ownership of the vehicle the

plaintiffs in the state court action were traveling in and the injuries they incurred as a result of the collision." But appellant disputed that conclusion in its opening brief on appeal, and appellee in its response brief failed to address the "arise out of" language at all. Appellee therefore forfeited any argument that the injury did not "arise out of" the use of an auto. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) ("Generally, an appellee waives any argument it fails to raise in its answering brief."). I accordingly concur with the panel's conclusion.